UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>Plaintiff,<br><br>v.<br><br>BROWN FARMS, et al.,<br><br>Defendants. | Case No. 20-cv-03275-JD<br><br>**ORDER RE OSC AND DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 19 |

In May 2020, pro se plaintiff William David Bush sued defendants Brown Farms, the City of Santa Rosa, and 20 Doe defendants, for alleged violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.* Dkt. No. 1. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 6. As detailed in the Court's recent Order to Show Cause, the case was referred to a magistrate judge for an early settlement conference at the parties' joint request, but the conference was not held because Bush failed to appear. Dkt. No. 19 (Order to Show Cause). The magistrate judge ordered Bush to show cause in writing by December 4, 2020, for not appearing and for failing to submit a required settlement conference statement. Dkt. No. 18. Bush never responded to the order to show cause, and so the Court ordered Bush to show cause in writing by March 18, 2021, why this case should not be dismissed for failure to adhere to multiple court orders. Dkt. No. 19. The Court advised Bush that failure to file an adequate response would result in dismissal under Federal Rule of Civil Procedure 41(b), *id.*, but he still did not file a response of any kind by the deadline or afterwards.

Rule 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply

1   with a court order, the Court must weigh the following factors: (1) the public's interest in

2   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

3   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

4   public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639,

5   642 (9th Cir. 2002) (citing *Ferdik*, 963 F.3d at 1260-61).

6   These factors weigh in favor of dismissal. Bush failed to appear at the settlement

7   conference set by the magistrate judge pursuant to the Court's order referring the case to a

8   settlement conference, *see* Dkt. No. 14, or to file a required statement in advance of the

9   conference. He also failed to show cause for these failures as ordered by the magistrate judge, and

10  then also did not respond to the Court's Order to Show Cause by the required deadline. With

11  respect to the first factor, "the public's interest in expeditious resolution of litigation always favors

12  dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). For the second factor,

13  the Court must be able to manage its docket "without being subject to routine noncompliance of

14  litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-

15  compliance with a court's order diverts "valuable time that [the court] could have devoted to other

16  major and serious criminal and civil cases on its docket."). For the third factor, due to Bush's

17  failure to respond to the magistrate judge or the Court's orders to show cause, "he has offered no

18  explanation for his failure[s]. This weighs strongly in favor of dismissal." *Feinberg-Tomahawk v.

19  City & Cty. of San Francisco*, No. 14-CV-02275-JD, 2014 WL 3752031, at *2 (N.D. Cal. July 29,

20  2014) (citing *Espinosa v. Washington Mut. Bank*, No. C 10–04464 SBA, 2011 WL 334209, at *2

21  (N.D.Cal. Jan. 31, 2011)).

22  With respect to the fourth factor, the Court already issued an Order to Show Cause, which

23  provided Bush with an additional opportunity to explain his failure to participate in the court-

24  ordered settlement process. *See* Dkt. No. 19. The Court's issuance of the Order to Show Cause

25  satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262.

26  Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might

27  weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See

28  Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case

where three of the five factors weighed in favor of dismissal).

Because the relevant factors point decisively toward dismissal, the complaint is dismissed without prejudice. Defendants' motion to dismiss is terminated as moot, and the case is ordered closed.

**IT IS SO ORDERED.**

Dated: March 22, 2021

JAMES DONATO
United States District Judge